IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BORROMEO LEYVA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-848C |
| v. | ) | (Judge Lawrence S. Margolis) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims, defendant, the United States, respectfully requests that the Court dismiss the complaint for lack of subject matter jurisdiction. In support of our motion, we rely upon the complaint, the following memorandum of law, and the attached appendix.

## ISSUE PRESENTED

Whether this Court lacks subject matter jurisdiction to entertain plaintiff's claims.

## STATEMENT OF THE CASE

### I. Nature Of The Case

Plaintiff, Borromeo Leyva, seeks back pay, veterans disability benefits, retirement benefits, medical benefits, death benefits, and special compensation, and the correction of his military records. Plaintiff's Complaint ("Compl."), ¶¶ 1, 4, 20, 28, 35, 37.

### II. Statement Of Facts

During World War II, members of the Philippine Army were called into the service of the United States. Service before July 1, 1946, however, is not considered active military service for purposes of any law of the United States conferring rights, privileges, or benefits by reason of such service, except for certain Department of Veterans Affairs ("VA") benefits, including

disability compensation. See 38 U.S.C. § 107(a). The period of active service for members of the Philippine Army is generally the date certified by the United States Armed Forces as the date of enlistment to the date of release from active duty, discharge, death or, in the case of a member of the Philippine Army, June 30, 1946, whichever was earlier. See 38 C.F.R. § 3.41.

Mr. Leyva enlisted in the Philippine Army on June 14, 1945. Compl., ¶¶ 11, 66. Mr. Leyva was injured in combat on January 29, 1947, Compl., ¶ 72, seven months after his service as a member of the United States Armed Forces ended. .See 38 C.F.R. § 3.41. As a result of his injury, Mr. Leyva was hospitalized through September 27, 1949, the date of his discharge from the Philippine Army. Compl., ¶ 11.

The Board of Veterans Appeals ("board") denied Mr. Leyva's claim for VA benefits in 1980, 1996, and again in 2004. Appendix ("App."), Exhibit ("Exh.") A, Exh. B, and C.

The ACBMR denied Mr. Leyva's request to correct hies military records in 2002 finding that his service to the United States Armed Services ended on June 30, 1946. Exh. D.

## SUMMARY OF ARGUMENT

This Court does not possess jurisdiction to entertain Mr. Leyva's claim arising from the denial by the VA of his claim for benefits because jurisdiction to review such claims is vested in the Court of Appeals for Veterans Claims. In addition, this Court does not possess jurisdiction to entertain Mr. Leyva's claims for military disability benefits arising from his gunshot wound because he was not a member of the United States Armed Forces at the time of that injury, and because such claims are precluded by 38 U.S.C. § 107(a). Moreover, Mr. Leyva's claims for veterans disability benefits, back pay, retirement benefits, special compensation, and the correction of his military records are barred by the statute of limitations. Finally, there is no basis

for this Court's Tucker Act jurisdiction because Mr. Leyva has failed to identify an underlying remedial statute mandating benefits or compensation by the Federal Government for the period of time that Mr. Leyva was considered a member of the United States Armed Forces. Accordingly, Mr. Leyva's complaint should be dismissed.

## ARGUMENT

### I. Standard Of Review

A plaintiff bears the burden of establishing jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936). When deciding a motion to dismiss based upon lack of subject matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true, and must draw all reasonable inferences in the non-movant's favor. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). If the undisputed facts reveal any possible basis upon which the non-moving party might prevail, the Court must deny the motion. Id.

### II. This Court Does Not Have Jurisdiction to Review The VA's Decision Denying Mr. Leyva's Claims for Veterans Benefits

Section 511(a) of title 38 U.S.C. bars this Court from entertaining Mr. Leyva's claim that he was wrongfully denied VA benefits. See Ferreiro v. United States, 72 Fed. Cl. 1, 6 (2006); Carlisle v. United States, 66 Fed. Cl. 627, 633-34 (2005); Van Allen v. United States, 66 Fed. Cl. 294, 296 (2005). But cf. Hanlin v. United States, 214 F.3d 1319, 1321 (Fed. Cir. 2000) (attorney presented a non-frivolous allegation of implied-in-fact contract for fees).

Section 511(a) provides that questions of law and fact necessary to a decision of the Secretary of Veterans Affairs, under a law that affects the provision of benefits to veterans, may not be reviewed by any other official or by any court, whether by an action in the nature of

mandamus or otherwise. By statute, the United States Court of Appeals for Veterans Claims, and the United States Court of Appeals for the Federal Circuit, are vested with exclusive jurisdiction over appeals concerning VA decisions. See 38 U.S.C. §§ 7252(a) and 7292(c)). Thus, it is clear beyond cavil that this Court does not possess jurisdiction to entertain Mr. Leyva's complaint challenging VA benefit decisions. Accordingly, Mr. Leyva's claims for veterans benefits should be dismissed.

## III. This Court Does Not Have Jurisdiction to Consider Mr. Leyva's Claims Regarding Due Process, the Geneva Conventions, and the Administrative Procedures Act

This Court does not possess jurisdiction to entertain Mr. Leyva's claim, Compl. ¶¶ 14, 23, 49, that the Government violated the Due Process Clause of the United States Constitution because the Due Process Clause is not a "money-mandating provision." See James v. Sec'y of the Army, 159 F.3d 573, 581 (Fed. Cir. 1998). Similarly, this Court does not possess jurisdiction to entertain Mr. Leyva's claim that the Government violated Common Article 3 of the Geneva Conventions, Compl., ¶¶ 15, 23, because this Court does not "have jurisdiction of any claim against the United States growing out of or dependent upon any treaty entered into with foreign nations." 28 U.S.C. § 1502. See also Hamdan v. Rumsfeld, 126 S. Ct. 2749, 2761; 2802 (2006) (Breyer, J., concurring) (referring to the Third Geneva Convention as a "treaty").

In addition, this Court does not possess jurisdiction to entertain Mr. Leyva's claims under the Administrative Procedures Act ("APA"), Compl., ¶ 17. See Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc). While the APA provides a waiver of sovereign immunity for certain suits against the Government, this waiver is applicable only to final agency action for which there is no other adequate remedy in court. 5 U.S.C. §§ 702, 704. The

multi-tiered system of judicial review involving the Veterans Court, Federal Circuit, and Supreme Court provides such an alternate remedy for Mr. Leyva. See 38 U.S.C. §§ 7252, 7291, and 7292. In addition, the waiver of sovereign immunity under the APA does not extend to cases in which "statutes preclude judicial review." 5 U.S.C. § 701(a)(1)). Accordingly, Mr. Leyva's claims for veterans benefits should be dismissed for lack of subject-matter jurisdiction.

IV. The Court Does Not Possess Jurisdiction To Entertain Mr. Leyva's Claims Arising From His Gunshot Wound Because He Was Not A Member Of The United States Armed Forces At The Time Of That Injury

It is undisputed that the gunshot wound to his leg was sustained by Mr. Leyva in January 1947. Exh. 1 at 2, 4. Mr. Leyva's recognized military service, however, was from June 1945 to June 1946, while he was a member of the Philippine Army in the service of the United States. Exh. 1 at 1, 3. Mr. Leyva has not, and can not, point to any statute that would authorize this Court to provide Mr. Leyva with the relief he requests relating to the gunshot wound. As previously mentioned, 38 U.S.C. § 107(a) prohibits the award of 10 U.S.C. §1201 benefits even if Mr. Leyva had sustained the gunshot would while he was still in the service of the United States Armed Forces. Moreover, to the extent that Mr. Leyva is relying upon 10 U.S.C. § 1201, that reliance is misplaced. Section 1201of title 10 requires that Mr. Leyva have incurred his disability "while entitled to basic pay." While service before July 1, 1946, in the Philippine Army is considered active military service for certain disability benefits, see 38 U.S.C. § 107(a), Mr. Leyva was not entitled to basic pay after June 30, 1946, because he was no longer considered a member of the Armed Forces of the United States. See 38 C.F.R. § 3.41. Accordingly, Mr. Leyva's claims relating to his gunshot wound should be dismissed for lack of subject-matter jurisdiction.

V. The Court Does Not Possess Jurisdiction To Entertain Mr. Leyva's Non-Disability Claims

Mr. Leyva is statutorily barred from receiving non-disability related benefits, such as a pension, for his recognized miliary service prior to June 30, 1946, other than for life insurance and housing benefits, by 38 U.S.C. § 107(a). As previously stated, service before July 1, 1946, in the Philippine Army is not considered active military service for purposes of any law conferring rights, privileges, or benefits by reason of such service, except for those benefits explicitly identified in 38 U.S.C. § 107(a), including certain VA benefits, including disability compensation.

VI. The Statute of Limitations Bars Mr. Leyva's Claims Relating To His Claims for VA Benefits And His Non-Disability Service Related Claims

This Court's jurisdiction, and its authority to grant relief against the United States, is limited by the extent to which the United States has waived its sovereign immunity. United States v. Testan, 424 U.S. 392, 399 (1976). Such a waiver "must be unequivocally expressed in the statutory text, and will not be implied." Lane v. Pena, 518 U.S. 187, 192 (1996). Indeed, the Government's consent to be sued "must be construed strictly in favor of the sovereign." United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992).

Even where this Court does possess jurisdiction to entertain a complaint, that jurisdiction is limited by the applicable statute of limitations. The statute of limitations provides that a plaintiff must file suit within six years of the date that a claim first accrues. 28 U.S.C. § 2501. This statute is an express limitation upon the Government's waiver of sovereign immunity and cannot be waived. Hart v. United States, 910 F.2d 815, 818-19 (Fed. Cir. 1990). Thus, if a claim is asserted outside of the limitations period, this Court must dismiss the claim for lack of

jurisdiction. Cottrell v. United States, 42 Fed. Cl. 144, 154 (1998).

A cause of action cognizable in a Tucker Act suit generally accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit, that is, when "all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue here for his money." Nager Elec. Co. v. United States, 368 F.2d 847, 851 (Ct. Cl. 1966); see Catawba Indian Tribe of S.C. v. United States, 982 F.2d 1564, 1570 (Fed. Cir. 1993).

In a military discharge case, a plaintiff's cause of action for wrongful discharge, and its attendant consequences, such as back pay, retirement pay, and corrections of military records, accrues at the time of plaintiff's discharge.[1] See Martinez v. United States, 333 F.3d at 1303; Bowen v. United States, 292 F.3d 1383, 1386 (Fed. Cir. 2002). Moreover, a Tucker Act claim for back pay accrues at once at the time of discharge; the claim for back pay is not a "continuing claim" that accrues each time a payment would be due throughout the period that the service member would have remained upon active duty. See Longhine v. United States, 230 Ct. Cl. 920, 922 (1982). If a plaintiff does not file suit within the six-year limitation period prescribed in 28 U.S.C. § 2501, that plaintiff loses all rights to sue for the loss of pay, and most other benefits, stemming from the challenged discharge. That is, the claim accrues "at one time, once and for all," on the date of discharge. Mathis, 391 F.2d at 939. Mr. Leyva's claims for back pay, retirement benefits, medical benefits, special compensation, and the correction of his military records accrued, if at all, on June 30, 1946, when the Philippine military ceased to operate under the authority of the United States Government. See 38 C.F.R. § 3.41. June 30, 1946, thus, is the

[1] To the extent that Mr. Leyva is seeking the correction of his military records generated by the Philippine government, see Compl., ¶¶ 1, 12, 25, 76, it is axiomatic that the United States has no jurisdiction to change such records.

functional equivalent of Mr. Leyva's discharge date because this is the date when the United States military ceased to exercise control over him. Because the six year period to initiate suit expired more than 50 years ago, Mr. Leyva's claims for back pay, retirement benefits, medical benefits, special compensation, and the correction of his military records are barred by the statute of limitations.[2]

Similarly, Mr. Leyva's claims for VA disability and medical benefits are also barred by 28 U.S.C. § 2501. Mr. Leyva alleges that he is entitled to VA benefits owed him from January 31, 1968, or September 19, 1949. Compl. ¶¶ 1, 4. His claim thus first began to accrue as early as September 19, 1949, or at the latest, January 31, 1968. Mr. Leyva's complaint is therefore untimely, and accordingly should be dismissed.

VII. The Court Does Not Possess Jurisdiction To Entertain Mr. Leyva's Claims Under the Tucker Act

Mr. Leyva identifies the Tucker Act as a jurisdictional basis for his claim. Compl., ¶ 19. When invoking Tucker Act jurisdiction, however, Mr. Leyva must identify a separate money mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States. Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997). Claims where no payment (or insufficient payment) has been made by the Government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Eastport S.S. Corp. v.

[2] Resort to a correction board does not toll or restart the statute of limitations. Martinez v. United States, 333 F.3d at 1303. Moreover, there is no authority for the proposition that a decision by the Social Security Administration ("SSA") impacts the statute of limitations. In any event, the SSA's decision was rendered on August 5, 1996, more than six years before the filing of Mr. Leyva's complaint.

United States, 372 F.2d 1002, 1007 (Ct. Cl. 1967); see also Testan, 424 U.S. at 401-02 ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim--whether it be the Constitution, a statute, or a regulation--does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S., 372 F.2d at 1009)).

Mr. Leyva's reliance upon the Back Pay Act, 5 U.S.C. § 5596, and, apparently, the Military Disability Retirement provisions, 10 U.S.C. §§ 1201-1221, and the Veterans Administration Disability provisions, 38 U.S.C. §§ 1101 et seq., Compl., ¶¶ 27-33, 37, 41, is misplaced. "'A soldier's entitlement to pay is dependent upon statutory right,' and ... accordingly the rights of the affected service members must be determined by reference to the statutes and regulations . . . rather than to ordinary contract principles." United States v. Larionoff, 431 U.S. 864, 869 (1971) (citing Bell, 366 U.S. at 401 (1961)); see also Zucker v. United States, 758 F.2d 637, 640 (Fed. Cir. 1985) (federal workers' "entitlement to retirement benefits must be determined by reference to the statutes and regulations governing these benefits, rather than to ordinary contract principles").

Mr. Leyva's reliance upon the Back Pay Act as a money mandating statute to support his claim for retirement pay is unavailing because military retirement pay is not covered by the Back Pay Act. Compare 5 U.S.C. § 5596 with 10 U.S.C. §§ 1251 et seq. Moreover, because Mr. Leyva was never a member of the United States military he is not covered by the Back Pay Act. In addition, the Back Pay Act is inapplicable where such benefits are strictly limited by Congress pursuant to 38 U.S.C. § 107.

Mr. Leyva's apparent reliance on the Military Disability Retirement provisions, 10 U.S.C. §§ 1201-1221, is similarly misplaced. First, Mr. Leyva did not incur his disability "while entitled to basic pay," as required by 10 U.S.C. § 1201. Second, Mr. Leyva is specifically excluded from any benefits under the Military Disability Retirement provisions by 38 U.S.C. § 107.

Mr. Leyva's claim for special compensation is also barred by 38 U.S.C. § 107. Like the Back Pay Act and the Military Disability Retirement provisions, the section providing for special compensation, 10 U.S.C. § 1413a, is not one of the sections exempted from 38 U.S.C. § 107's denial of benefits for service as a member of the Philippine Commonwealth Army. As such, Mr. Leyva's Philippine Army service cannot serve as the basis for an entitlement to special compensation. Moreover, in order to be eligible for special compensation, one must have served at least twenty years in the United States military and be eligible for retired pay. 10 U.S.C. § 1413a. As Mr. Leyva meets neither of these criteria, he is ineligible for special compensation.[3]

CONCLUSION

For the foregoing reasons, we respectfully request that the Court dismiss the complaint for lack of subject matter jurisdiction.[4]

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

---

[3] Mr. Leyva's claim for death benefits, Compl., ¶ 20, is baseless. Neither Mr. Leyva nor his dependents, if any, are eligible for death benefits while Mr. Leyva is alive. See, e.g. 38 U.S.C. §§ 1301 et seq., 38 U.S.C. §§ 2301 et seq., 38 U.S.C. §§ 2401 et seq.

[4] In the event the Court denies our motion to dismiss the complaint, we respectfully request 30 days from the date of such denial within which to file our answer to the complaint.

s/Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
202-307-0252
202-307-0972 (Fax)

Attorneys for Defendant

OF COUNSEL:
MICHAEL J. TIMINSKI
Deputy Assistant General Counsel

MARTIE ADELMAN
Attorney
Department of Veterans Affairs
810 Vermont Ave., N.W.
Washington, D.C. 20420

LT. COL. JOSEPH FETTERMAN
CAPTAIN KEVIN MCCART
Military Personnel Branch
U.S. Army Litigation Division
901 N. Stuart St.
Arlington, VA 22203-1837

April 13, 2007

# INDEX TO EXHIBITS


| Exhibit | Number |
| --- | --- |
| Board of Veterans' Appeals Decision Dated August 28, 1980 | A |
| Board of Veterans' Appeals Decision Dated October 23, 1996 | B |
| Board of Veterans' Appeals Decision Dated August 6, 2004 | C |
| ACBMR Decision Dated September 6, 2002 | D |