# BOARD OF VETERANS' APPEALS

DEPARTMENT OF VETERANS AFFAIRS
WASHINGTON, DC 20420

IN THE APPEAL OF C 12 157 754
BORROMEO LEYBA
AKA BORROMEO LEYVA

DOCKET NO. 94-35 199 ) DATE
)
)

On appeal from the
Department of Veterans Affairs Regional Office in Manila, Philippines

## THE ISSUES

1. Entitlement to service connection for residuals of a gunshot wound to the left thigh.

2. Basic eligibility for a permanent and total disability evaluation for pension purposes.

## ATTORNEY FOR THE BOARD

A Valued Microsoft Customer

## INTRODUCTION

The veteran had recognized service from June 1945 to June 1946.

## CONTENTIONS OF APPELLANT ON APPEAL

The veteran contends that he has presented new and material evidence which demonstrates that he was on active duty when he received a gunshot wound to the left thigh in January 1947. He asserts that he is disabled and unable to work and should be granted pension benefits. In a letter he has stated that he is becoming a United States citizen and as a result will be entitled to non-service connected pension benefits.

## DECISION OF THE BOARD

The Board of Veterans' Appeals (Board), in accordance with the provisions of 38 U.S.C.A. § 7104 (West 1991 & Supp. 1995), has reviewed and considered all of the evidence and material of record in the veteran's claims file. Based on its review of the relevant evidence in this matter, and for the following reasons and bases, it is the decision of the Board that no new and material evidence has been submitted to reopen the claim for service connection for a gunshot wound to the left thigh and that the veteran lacks entitlement under the law to non-service connected pension benefits.

## FINDINGS OF FACT

1. In August 1980 the Board denied the veteran's claim for service connection for residuals of a gunshot wound to the left thigh.

2. The evidence submitted since August 1980 consists of duplicates of evidence previously considered and copies of periodicals which do not establish that the gunshot wound to the left thigh in January 1947 was incurred in service as defined by the laws and regulations.

3. The evidence submitted since the time of the Board decision is cumulative of other evidence in the record and the additional evidence submitted is not relevant to and probative of the issue of whether the veteran was on active service in January 1947.

4. The veteran's service, from June 1945 to June 1946, while still a member of the Philippine Commonwealth Army in the service of the Armed Forces of the United States, is not qualifying service for non-service connected pension benefits.

## CONCLUSIONS OF LAW

1. The August 1980 Board decision, denying the claim for service connection for residuals of a gunshot wound to the left thigh, is a finally adjudicated claim. 38 U.S.C.A. §§ 5107, 7104 (West 1991 & Supp. 1995); 38 C.F.R. § 3.156 (1995).

2. The veteran's recognized service does not meet the requirements for basic eligibility for non-service connected pension benefits. 38 U.S.C.A. §§ 101, 107, 1521, 5107 (West 1991 & Supp. 1995); 38 C.F.R. §§ 3.2, 3.3 (1995).

## REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

### Whether New and Material Evidence Has Been Submitted to Reopen a Claim for Service Connection for Residuals of a Gunshot Wound to the Left Thigh

Service connection may be established for a disability resulting from personal injury suffered or disease contracted in the line of duty or for aggravation of a preexisting injury suffered or disease contracted in the line of duty. 38 U.S.C.A. § 1110 (West 1991).

Once entitlement to service connection for a given disorder has been denied by a decision of the Board of Veterans' Appeals, that determination is final. In order to

later establish service connection for the disorder in question, it is required that new and material evidence be presented which provides a basis warranting reopening the case and a grant of the benefit under consideration. 38 U.S.C.A. §§ 5108, 7104(b) (West 1991 & Supp. 1995) ; 38 C.F.R. § 3.156 (1995).

If new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim. 38 U.S.C.A. § 5108 (West 1991). "New and material evidence" means evidence not previously submitted to agency decision makers which bears directly and substantially upon the specific matter under consideration, which is neither cumulative nor redundant, and which by itself or in connection with evidence previously assembled is so significant that it must be considered in order to fairly decide the merits of the claim. 38 C.F.R. § 3.156(a) (1995).

In August 1980 the Board denied the veteran's claim for service connection for residuals of a gunshot wound to the left thigh. The evidence submitted in support of the veteran's claim included: a copy of a special order showing the veteran's appointment to the Reyes Regiment of the Fil-American Regular Troops and a copy of a related oath of office, a pass issued by the 11th Airborne Division, a June 1945 physical examination report, a certificate of completion of basic military police training, a National Service Life Insurance certificate, clinical records of treatment for a gunshot wound to the left thigh in January 1947, a November 1948 Philippine Army separation examination report, an honorable discharge from the Army of the Commonwealth of the Philippines and accompanying documents and numerous affidavits. The RO obtained service department verification of the dates of the veteran's recognized service. The veteran's claim was denied on the basis that the gunshot wound was not incurred during the veteran's period of verified qualifying active service.

In October 1992 the veteran requested that his claim for entitlement to service connection for residuals of a gunshot wound to the left thigh be reopened. In support of his claim the veteran submitted additional copies of the above documents and numerous statements and letters. The only evidence submitted which was not in

the claims folder at the time of the August 1980 included articles from the newspapers and periodicals which deal with the GI bill, veteran's benefits and the definitions of the periods of war.

In considering whether a claim may be reopened based on new and material evidence, a two step analysis must be performed. *Manio v. Derwinski*, 1 Vet.App. 140 (1991). First, it must be determined whether the evidence presented or secured since the prior final disallowance of the claim is "new and material". Second, if the evidence is new and material, the new evidence must be reviewed "in the context of" the old evidence to determine whether the prior disposition of the claim should be altered. *Bernard v. Brown*, 4 Vet.App. 384 (1993).

In *Colvin v. Derwinski*, 1 Vet.App. 171 (1991), the United States Court of Veterans Appeals (Court) defined the terms "new" and "material". Evidence is "new" if it is not "merely cumulative of other evidence on the record." "Material" evidence is relevant and probative of the issue at hand and there is "a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome."

The Court has stated that in order to warrant reopening a previously and finally disallowed claim, the newly presented or secured evidence must not be cumulative of evidence of record at the time of the last prior final disallowance and must tend to prove the merits of the claim as to each essential element that was a specified basis for that last final disallowance of the claim. In determining whether the evidence is probative (that is, whether it supplies evidence the absence of which was a specified basis for the last final disallowance), the specified basis or bases, as discernible from that last decision, for the disallowance must be considered. *Evans v. Brown,* No 93-1220 (U.S. Vet.App. Aug. 1, 1996).

In order for the veteran to present evidence which would be considered new and material he must present evidence that demonstrates he incurred gunshot wound during his period of verified qualifying service.

For a regular Philippine Scout or a member of one of the recognized components of the Philippine Commonwealth Army while serving with the Armed Forces of the United States, the period of active service will be from the date certified by the Armed Forces as the date of enlistment or date of report for active duty, discharge, death, or in the case of a member of the Philippine Commonwealth, June 30, 1946, whichever was earlier. 38 C.F.R. § 3.9 (1995). The Board is bound by the service department's certification in determining whether an appellant has recognized service. *Duro v. Derwinski*, 2 Vet.App. 530 (1992).

The evidence submitted since the final denial of the claim in August 1980 does not demonstrate that the gunshot wound to the left thigh was incurred period of verified qualifying service. It does not supply the evidence which was absent at the time of the denial in August 1980. In this regard the Board would like to point out that the veteran has not changed his contention that he was wounded in January 1947. This date is clearly not during the period of his service as the service department verification clearly states that he was considered to be discharged on June 30, 1946. As the veteran has not presented new and material evidence, the veteran's request to reopen his claim for service connection for residuals of a gunshot wound to the left thigh is denied.

Basic Eligibility for Pension Benefits

The threshold question to be answered in this case is whether or not the veteran has the requisite service to qualify for non-service-connected pension benefits.

Each veteran of a period of war who meets the service requirements of this section and who is permanently and totally disabled from non-service connected disability not the result of the veteran's willful misconduct shall be paid a pension. A veteran meets the service requirements of this section if such veteran served in the active military naval, or air service for ninety days or more during a period of war, during a period of war and was discharged or released from such service for a service-connected disability, for a period of ninety consecutive days or more and such period began or ended during a period of war, or for an aggregate of ninety days or

more in two or more separate periods of service during more than one period of war. 38 U.S.C.A. § 1521 (West 1991 & Supp. 1995).

The term “veteran” means a person who served in the active military, naval, or air service, and who was discharged or released therefrom under conditions other than dishonorable. 38 U.S.C.A. § 101 (West 1991 & Supp. 1995).

Service before July 1, 1946, in the organized military forces of the Government of the Commonwealth of the Philippines, while such forces were in the service of the Armed Forces of the United States pursuant to the military order of the President dated July 26, 1941, including among such military forces organized guerrilla forces under commanders appointed, designated, or subsequently recognized by the Commander in Chief, Southwest Pacific Area, or other competent authority in the Army of the United States, shall not be deemed to have been active military, naval, or air service for the purposes of any law of the United States conferring rights, privileges, or benefits upon any person in the Armed Forces except benefits under contracts of the National Service Life Insurance entered into before February 18, 1946, chapter 10 of title 37 and chapters 11, 13 (except section 412(a)), and 23 of this title. 38 U.S.C.A. § 107 (West 1991 & Supp. 1995).

Records from the service department reveal that the veteran had recognized service in the Armed Forces of the United States beginning in June of 1945. While still a member of the Philippine Commonwealth Army he was released from the service of the Armed Forces of the United States in June 1946. His military history was noted as regular Philippine Army service from June 1945 to June 1946. There was no recognized guerrilla service.

No other military service has been verified. The record does not reflect that the veteran served as a Regular Philippine Scout. As set forth in 38 U.S.C.A. § 107, the veteran does not have the requisite service to qualify for non-service-connected pension benefits.

The veteran has asserted that he will be granted United States citizenship and as a result will be eligible for pension benefits. The Court has addressed this issue in *Fazon v. Brown*, No. 94-502 (U.S. Vet. App. Aug. 16, 1996). The Court quoting *Duro v. Derwinski*, 2 Vet.App. 530, 532 (1992) noted that the service department's findings as to the service of the appellant is binding on the Department of Veterans Affairs (VA) for the purposes of establishing service in the U.S. Armed Forces, Philippine Commonwealth Army, or Philippine guerrillas in the service of the U.S. Armed Forces. The Court further noted, citing *Florentino v. Brown*, 7 Vet.App. 369, 371 (1995), that the determinative factor for entitlement to VA non-service connected pension benefits was not citizenship but the type of service.

For those reasons the Board finds that the veteran does not meet the basic eligibility guidelines in the laws and regulations for non-service connected pension benefits. The Court in *Sabonis v. Brown*, 6 Vet.App. 426 (1994), held that in a case where the law and not the evidence is dispositive, the claim should be denied on the basis that it is without legal merit. Therefore, the veteran's claim for basic eligibility for non-service-connected pension benefits is denied.

## ORDER

New and material evidence not having been received, the veteran's request to reopen his claim for service connection for residuals of a gunshot wound to the left thigh is denied.

Basic eligibility for non-service-connected pension benefits is denied.

______________________________

M. SABULSKY
Member, Board of Veterans' Appeals

The Board of Veterans' Appeals Administrative Procedures Improvement Act, Pub. L. No. 103-271, § 6, 108 Stat. 740, 741 (1994), permits a proceeding instituted before the Board to be assigned to an individual member of the Board for a determination. This proceeding has been assigned to an individual member of the Board.

NOTICE OF APPELLATE RIGHTS: Under 38 U.S.C.A. § 7266 (West 1991 & Supp. 1995), a decision of the Board of Veterans' Appeals granting less than the complete benefit, or benefits, sought on appeal is appealable to the United States Court of Veterans Appeals within 120 days from the date of mailing of notice of the decision, provided that a Notice of Disagreement concerning an issue which was before the Board was filed with the agency of original jurisdiction on or after November 18, 1988. Veterans' Judicial Review Act, Pub. L. No. 100-687, § 402, 102 Stat. 4105, 4122 (1988). The date which appears on the face of this decision constitutes the date of mailing and the copy of this decision which you have received is your notice of the action taken on your appeal by the Board of Veterans' Appeals.