Citation Nr: 0421636
Decision Date: 08/06/04 Archive Date: 08/09/04

DOCKET NO. 03-34 985 ) DATE
)
)

On appeal from the
Department of Veterans Affairs Regional Office in Manila, the Republic of the Philippines

THE ISSUES

1. Whether new and material evidence has been presented to reopen the claim of entitlement to service connection for residuals of a gunshot wound to the left thigh.

2. Legal entitlement to a nonservice-connected disability pension.

REPRESENTATION

Appellant represented by: Paralyzed Veterans of America, Inc.

ATTORNEY FOR THE BOARD

Susan Mi Ah Kim, Counsel

INTRODUCTION

The appellant had recognized military service from June 1945 to June 1946.

This appeal is before the Board of Veterans' Appeals (Board) from rating actions from the Manila, Philippines, Department of Veterans Affairs (VA) Regional Office (RO). An August 1998 rating action denied reopening the claim of entitlement to service connection for residuals of a gunshot wound to the

left thigh. A December 1998 rating action denied legal entitlement to a nonservice-connected disability pension.

FINDINGS OF FACT

1. The October 1996 Board decision reopening the claim of entitlement to service connection for residuals of a gunshot wound to the left thigh; the veteran was advised of this decision and he did not appeal.

2. The evidence received since the final October 1996 Board decision is cumulative or redundant of the previously obtained evidence or does not raise a reasonable possibility of substantiating the claim of entitlement to service connection for residuals of a gunshot wound to the left thigh.

3. The appellant's service, from June 1945 to June 1946, while still a member of the Philippine Commonwealth Army in the service of the Armed Forces of the United States, is not qualifying service for non-service connected pension benefits.

CONCLUSIONS OF LAW

1. The October 1996 Board decision, which denied reopening the claim of entitlement to service connection for residuals of a gunshot wound to the left thigh, is final. 38 U.S.C.A. §§ 7104(b) (West 2002); 38 C.F.R. § 20.1100 (2003).

2. Evidence received since the final October 1996 Board decision is not new and material; the claim of entitlement to service connection for residuals of a gunshot wound to the left thigh is not reopened. 38 U.S.C.A. §§ 5103A(f), 5108 (West 2002); 38 C.F.R. § 3.156(a) (2003).

3. The appellant's recognized service does not establish legal entitlement to a nonservice-connected disability pension. 38 U.S.C.A. §§ 101(2), 107, 1521, 5107 (West 2002); 38 C.F.R. §§ 3.2, 3.40, 3.41, 3.321(b)(2), 4.16, 4.17 (2003).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Fulfillment of VA's duty to assist and inform the appellant

The claims may be adjudicated on the merits because the VA has fulfilled its duty to assist and inform the appellant in the development of the claims in compliance with The Veterans Claims Assistance Act of 2000. The VA shall make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant's claim for a benefit under a law administered by the VA. 38 U.S.C.A. § 5103A (West 2002). The VA shall also notify the claimant and the claimant's representative, if any, of the evidence that is necessary to substantiate the claims, which evidence the claimant is to provide, which evidence the VA will attempt to obtain for the claimant, and the period of time in which the claimant is allowed to respond to notices. See 38 U.S.C.A. § 5103(a) (West 2002); Paralyzed Veterans of America v. Secretary of Veterans Affairs, 345 F.3d 1334, 1348 (Fed. Cir. 2003).

The RO obtained the available service department records, service medical records, and medical records from the identified health care providers. The appellant and his representative filed numerous lay statements with the RO, and he declined the opportunity for a hearing before the Board.

The RO's June 2001, July 2001, March 2002, and December 2003 letters and the October 2003 statement of the case informed the appellant of the applicable laws and regulations, including applicable provisions of The Veterans Claims Assistance Act of 2000, the evidence needed to substantiate the claims, and which party was responsible for obtaining the evidence. In these documents, the VA informed the appellant that it would obtain the available records in the custody of federal departments and agencies. The appellant was informed that it was his responsibility to provide the evidence in his possession that pertained to the claims and that it remained his ultimate responsibility to obtain any lay statements and evidence needed to support his claims. Several new provisions of The Veterans Claims Assistance Act of 2000, which redefined VA's obligations with respect to the duty to assist and inform, applied only to claims filed on or after August 29, 2001 and did not apply to the appellant's January 1998 informal application to reopen the claim of entitlement to service connection for residuals of a gunshot wound to the

left thigh.

The VA has fulfilled its duty to assist and inform the appellant. He was informed of new and applicable laws and regulations and of the evidence needed to substantiate the claims. He was told which party was responsible for obtaining the evidence and provided ample opportunity to present such evidence. The VA has obtained the identified pertinent records in its possession or confirmed the unavailability of such. Quartuccio v. Principi, 16 Vet. App. 183, 187 (2002); McKnight v. Gober, 131 F.3d 1483, 1485 (Fed. Cir. 1997).

Whether new and material evidence has been presented to reopen the claim of entitlement to service connection for residuals of a gunshot wound to the left thigh

The October 1996 Board decision, which denied reopening the claim of entitlement to service connection for residuals of a gunshot wound to the left thigh, was based on the evidence at the time, which included lay statements, VA documents, service department records, service medical records, and private medical records.

In lay statements, the appellant asserted that he served in the United States Armed Forces from June 1943 to September 1949 and that he incurred a gunshot wound to his left thigh in January 1947 while still in the service of the United States. In lay statements dated from August 1947 to April 1980, eleven purported service friends asserted that they and the appellant were inducted into the service of the United States Armed Forces in June 1943 or June 1945 and that the appellant was serving in the United States Armed Forces when they either witnessed or heard about him incurring a gunshot wound in the left thigh in January 1947.

A February 1949 VA form acknowledged receipt of the appellant's application for VA benefits and acknowledged that he identified himself as having guerrilla service from May 1945 to June 1945. In February 1950 and June 1950 VA letters, the appellant was informed that the United States Army had checked and rechecked their records and that the

appellant's name had not appeared on any of their reconstructed rosters, casualty rosters, individual letters of recognition or terminal date guerrilla rosters; nor had the appellant's name been found on the list of members of the Philippine Commonwealth Army inducted into the service of the Armed Forces of the United States. In a June 1950 VA letter, the appellant was informed that the VA had determined that the appellant actually had Philippine Army service. A June 1946 VA life insurance certificate, countersigned in November 1946 by General Omar N. Bradley and a VA administrator at Washington, District of Columbia, showed that the veteran was insured in the amount of $3,000 payable in case of death.

Service department records included a typed July 1957 extract of the Fil-American Irregular Troops, dated June 10, 194?, in which the last digit of the year had been typed over with multiple digits and was illegible. According to the extract, the appellant had been appointed to a military post in June of a year during the 1940s and the original records had been lost due to capture of the records by the enemy during the war. An August 1945 Philippine Army certificate showed that the veteran completed a basic course in military police training. A November 1990 Philippine Army record, entitled "Verified Veteran of World War II," purported to show a photo of the appellant and included a handwritten inscription "13 RG 69" by an unidentified party.

Service medical records, dated January 1947 and January 1949, documented a deformity of the left lower extremity manifested by about three inches shortening limitation of motion of the knee joint maximum angle of flexion with moderate atrophy of all muscles secondary to a compound fracture of the complete lower third left femur incurred by dissident elements. A November 1948 service medical record documented slight muscular atrophy of the muscles of the left thigh and leg resulting from a gunshot wound to the left thigh.

An April 1947 private medical record showed that the veteran was admitted and treated for a healed gunshot wound to the left thigh, which had been incurred in January 1947, and which was much improved after whirlpool and massage and considered practically normal. A September 1949 private medical certificate stated that the veteran had been cleared of financial liability to a hospital for physical disability treated during the April 1947 admission.

The October 1996 Board decision was based on the evidence at that time and became final because the veteran received notice of the decision by letter dated October 23, 1996, and he did not appeal. 38 U.S.C.A. §§ 7104(b) (West 2002); 38 C.F.R. § 20.1100 (2003). After the veteran filed a January 1998 informal application to reopen the claim, the August 1998 rating decision denied reopening the claim of entitlement to service connection for a gunshot wound to the left thigh, and the veteran perfected a timely appeal.

Unfortunately, the veteran has not submitted new and material evidence to warrant reopening the claim. See 38 U.S.C.A. §§ 5103A(f), 5108; 38 C.F.R. § 3.156(a). New and material evidence means existing evidence not previously submitted to agency decisionmakers, which by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 U.S.C.A. §§ 5103A(f), 5108; 38 C.F.R. § 3.156(a).

The new evidence, which includes a Social Security Disability Award letter, an application for correction of military records, and a response from the United States Army does not raise a reasonable possibility of substantiating the claim.

The August 1996 Social Security Disability Award Determination does not raise a reasonable possibility of substantiating the claim because the VA is bound by service department findings that the appellant's recognized service took place only from June 1945 to June 1946. Duro v. Derwinski, 2 Vet. App. 530, 532 (1992); see also Dacoron v. Brown, 4 Vet. App. 115, 120 (1993). Although a Social Security Administrative Law Judge readily accepted the appellant's position that he was an enlisted active member of the United States Army from June 14, 1945 through September 27, 1949 based upon the same affidavits, proof of insurance under the National Service Life Insurance Act of 1940, and reports of physical examination that the appellant presented to the VA, the VA is bound by service department findings and not by the findings of the Social Security Administration.

The appellant's January 1947 gunshot wound to the left thigh

took place after service and is, therefore, not eligible for service connection. For the appellant to establish service connection for residuals of a gunshot wound to the left thigh, the evidence must demonstrate that residuals of a gunshot wound to the left thigh were contracted in the line of duty coincident with military service, or if pre-existing such service, was aggravated therein. 38 U.S.C.A. §§ 1110, 1153, 5107 (West 2002); 38 C.F.R. §§ 3.303, 3.306 (2003). The appellant must present evidence of current residuals of a gunshot wound to the left thigh, show an in-service gunshot wound to the left thigh, and provide a nexus opinion by a medical professional that the current residuals resulted from the in-service gunshot wound. See Hickson v. West, 12 Vet. App. 247, 253 (1999).

A March 1997 Application for Correction of Military Records is cumulative because the appellant repeats the Social Security Administrative Law Judge's findings, which are not binding upon the VA. In any event, a September 2002 response from the United States Army confirms that it found no erroneous Department of Army documents to correct. The VA is bound by the service department's certification regarding the nature of the veteran's service, which states that the appellant's only recognized service took place from June 1945 to June 1946. Duro, 2 Vet. App. at 532; see also Dacoron, 4 Vet. App. at 120. Therefore, the gunshot wound to the left thigh in January 1947 took place after the appellant's recognized service.

When considered with the previous evidence of record, the new evidence does not raise a reasonable possibility of substantiating the claim. 38 U.S.C.A. §§ 5103A(f), 5108; 38 C.F.R. § 3.156(a). Therefore, the claim is not reopened, and entitlement to service connection for residuals of a gunshot wound to the left thigh remains denied.

Legal entitlement to a nonservice-connected disability pension

The appellant maintains that he is a veteran who is entitled to a nonservice-connected disability pension. See 38 U.S.C.A. §§ 1521, 5107; 38 C.F.R. §§ 3.2(f), 3.321(b)(2), 4.16, 4.17. The term "veteran" means a person who served in the active military, naval or air service, and was discharged

or released therefrom under conditions other than dishonorable. 38 U.S.C.A. § 101(2). Certain types of service with the Philippine Scouts, the Commonwealth Army of the Philippines, and guerrilla service are considered to be qualifying service. See 38 U.S.C.A. § 107; 38 C.F.R. §§ 3.40, 3.41.

For the appellant to prevail in a claim for a nonservice-connected pension, the evidence must show that he served for ninety days or more during a period of war and that he was permanently and totally disabled from a nonservice-connected disability that was not the result of his own willful misconduct. See 38 U.S.C.A. § 1521.

The appellant contends that his eligibility for VA disability pension benefits derives from service with the United States Army from June 1943 to September 1949. In support of his claim, he presented lay statements, VA documents, service department records, service medical records, and private medical records, which details are outlined in the section above.

Unfortunately for this appellant, regulations specifically state that his recognized service, which takes place entirely before July 1946, is ineligible for VA disability pension benefits. Service before July 1, 1946, in the organized military forces of the Government of the Commonwealth of the Philippines, while such forces were in the service of the Armed Forces of the United States pursuant to the military order of the President dated July 26, 1941, including among such military forces organized guerrilla forces under commanders appointed, designated, or subsequently recognized by the Commander in Chief, Southwest Pacific Area, or other competent authority in the Army of the United States, shall not be deemed to have been active military, naval, or air service for the purposes of any law of the United States conferring rights, privileges, or benefits upon any person by reason of the service of such person or the service of any other person in the Armed Forces, except benefits under-- (1) contracts of National Service Life Insurance entered into before February 18, 1946, which does not apply to this appellant's contract for life insurance entered into in June 1946; (2) chapter 10 of title 37 (37 USCS §§ 551 et seq.) and (3) chapters 11, 13 (except section 1312(a)), 23, and 24 (38 USCS §§ 1101 et seq., 1301 et seq. (except section 1312(a)),

2301 et seq., and 2401 et seq.) (to the extent provided for in section 2402(8)) of this title. 38 U.S.C.A. § 107(a) (West 2002).

The Board has no legal basis on which the appellant's claim can be granted because 38 U.S.C.A. § 107(a) specifically excludes the appellant's only recognized service, which took place entirely before July 1, 1946. As the law and not the evidence is dispositive on this issue, the claim must be denied because of lack of legal entitlement. 38 U.S.C.A. §§ 101(2), 107, 1521, 5107; 38 C.F.R. §§ 3.40, 3.41, Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).

ORDER

New and material evidence not having been presented, the claim of entitlement to service connection for residuals of a gunshot wound to the left thigh is not reopened, and entitlement to service connection for residuals of a gunshot wound to the left thigh remains denied.

Legal entitlement to a nonservice-connected disability pension is denied.

____________________________________________

V. L. Jordan
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs