IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BORROMEO LEYVA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-848C |
| v. | ) | (Judge Lawrence S. Margolis) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 7.2 of the Rules of the United States Court of Federal Claims, the United States respectfully submits this reply to the opposition filed by Borromeo Leyva to our motion to dismiss. The gravamen of Mr. Leyva's opposition is his assertion that he has "identified multiple money-mandating statutes providing for jurisdiction under the Tucker Act." Plaintiff's Opposition to Defendant's Motion to Dismiss ("Pl.'s Opp.") at 1. In fact, however, Mr. Leyva has failed to identify any money-mandating statute pursuant to which this Court would have jurisdiction to grant Mr. Leyva any of the relief he seeks. For all of the reasons we identified in our motion, Mr. Leyva's opposition to our motion to dismiss is wholly lacking in merit.

As stated in our April 13, 2007 motion, the sole issue is whether this Court possesses jurisdiction to entertain Mr. Leyva's claims set forth in his complaint. Mr. Leyva asserts that this Court has jurisdiction to entertain his claim that he is entitled military benefits, despite the fact that he was not a member of the United States Armed Forces at the time of his injury and that his claims are specifically precluded by 38 U.S.C. § 107(a). Mr. Leyva also asserts that this Court has jurisdiction to entertain his claim that he is entitled to Department of Veterans Affairs

("VA") benefits, despite the fact jurisdiction to hear such claims is with the the Court of Appeals for Veterans Affairs. Moreover, as previously stated, Mr. Leyva's claims are barred by the statute of limitations. Nothing in Mr. Leyva's opposiiton to our motion to dismiss warrants the denial of our motion.[1]

With respect to Mr. Leyva's claims for non-disability related military benefits, as previously stated, Mr. Leyva is statutorily barred by 38 U.S.C. § 107(a) from receiving such

---

[1] The Government submits that Mr. Leyva's complaint suffers from the same inadequacies that have been identified in a number of cases brought by Mr. Leyva's attorney. For example, Judge Mary Ellen Coster Williams, in her decision in Pope v. United States, No. 06-446C, slip op. at 9 (Fed. Cl. July 31, 2007), described Mr. Leyva's attorney's advocacy as being "deficient in almost every respect," borrowing Judge Miller's characterization of the same attorney in Locke v. United States, No. 06-629T, slip op. at 1 (Fed. Cl. July 10, 2007).

To borrow Judge Williams description in the Pope case, slip op. at 9, counsel's filing in this matter is "rambling, rife with errors, and purports to allege claims either patently beyond this Court's jurisdiction, or wholly without legal basis."

Mr. Leyva's opposition to our motion to dismiss consists of disjointed and irrelevant statements and arguments. For example, Mr. Leyva argues that his complaint is "viable" because it "contains at least the plain statement that he is entitled to relief, and therefore has satisfied Fed. R. Civ. Proc 8 (a)(2)." Pl. Opp. at 9. Similarly, Mr. Leyva's assertion that "[m]otions to dismiss a complaint after the plaintiff's opening statement are disfavored and rarely granted," Pl. Opp. at 9, is entirely irrelevant. Moreover, Mr. Leyva's reliance upon an unpublished decision by the Ninth Circuit Court of Appeals is patently absurd. In re Grand Jury Subpoena, Joshua Wolfe, 201 Fed. Appx. 430, 431 (9th Cir. 2006) (unpub.), involved 28 U.S.C. § 1826, which provides for jurisdiction in the United States district courts for an appeal by a witness who has been served with a grand jury subpoena. Mr. Leyva inexplicably argues that "[i]f the Federal Government can gain jurisdiction, as it has in the Wolfe case, by claimed possible damage, not actual damage other than a broken tail light, to a San Francisco police vehicle that was partially funded by the Federal Government, then Federal Jurisdiction should similarly be allowed in Plaintiff's case." Pl.'s Opp. at 23. Although Mr. Leyva correctly asserts that "[t]his Court is fully empowered to grant disability pay," that "[e]quitable and extraordinary relief is available after the amending of the Tucker Act," and that "[t]he Court of Claims has jurisdiction in military disability discharge cases," Pl. Opp. at 15, 21, 30, such statements are wholly irrelevant to the jurisdictional issues presented by the facts set forth in Mr. Leyva's complaint

benefits, because his military service prior to July 1, 1946, in the Philippine Army is not considered active military service entitling him to such benefits. See 38 U.S.C. § 107(a).

With respect to VA benefits, as noted in our motion, Section 511(a) of Title 38 U.S.C. bars this Court from entertaining Mr. Leyva's claim that he was wrongfully denied VA benefits. See e.g. Ferreiro v. United States, 72 Fed. Cl. 1, 6 (2006). Moreover, Mr. Leyva's reliance upon Sanders v. Nicholson, 487 F.3d 881 (Fed. Cir. 2007), to establish this Court's jurisdiction is misplaced. Pl.'s Opp. at 20-21, 36-37. In Sanders, the United States Court of Appeals for the Federal Circuit held that any error by the Department of Veterans Affairs ("VA") in providing notice of the information and evidence necessary to substantiate a claim, as required by 38 U.S.C. § 5103(a) and 38 C.F.R. § 3.159(b)(1), is "presumed prejudicial, requiring reversal unless the VA can show that the error did not affect the essential fairness of the adjudication." Id. at 889. Section 5103(a) of title 38, United States Code, however, is not a "'money-mandating'" provision, statute, or regulation, the violation of which supports a claim for damages against the United States. See Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (quoting Mitchell v. United States, 463 U.S. 206, 217 (1983)). In addition, Mr. Leyva's claim that the VA did not provide adequate notice under 38 U.S.C. § 5103(a) with regard to his claims for veterans benefits raises an issue that 38 U.S.C. § 511(a) bars this Court from reviewing, as explained in our motion to dismiss. See Ferreiro v. United States, 72 Fed. Cl. 1, 6 (2006); Carlisle v. United States, 66 Fed. Cl. 627, 633-34 (2005); Van Allen v. United States, 66 Fed. Cl. 294, 296 (2005).

## CONCLUSION

For the foregoing reasons, we respectfully request that our motion to dismiss be granted, and that the complaint be dismissed for lack of jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

s/Leslie Cayer Ohta
LESLIE CAYER OHTA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit, 8th Floor
Washington, D.C. 20530
202-307-0252
202-307-0972 (Fax)

OF COUNSEL:
MICHAEL J. TIMINSKI
Deputy Assistant General Counsel

MARTIE ADELMAN
Attorney
Department of Veterans Affairs
810 Vermont Ave., N.W.
Washington, D.C. 20420

LT. COL. JOSEPH FETTERMAN
CAPTAIN KEVIN MCCART
Military Personnel Branch
U.S. Army Litigation Division
901 N. Stuart St.
Arlington, VA 22203-1837

August 7, 2007

Attorneys for Defendant