# In the United States Court of Federal Claims

| | | |
|---|---|---|
| BORROMEO I. LEYVA, Plaintiff, | * | No. 06-848C |
| v. | * | (Filed: November 28, 2007) |
| THE UNITED STATES, Defendant. | * | **UNPUBLISHED** |

*Jeffrey D. Moffatt*, Lancaster, California, for plaintiff.

*Leslie Cayer Ohta*, Trial Attorney, Commercial Litigation Branch, Civil Division, with whom were *Peter D. Kessler*, Assistant Attorney General, United States Department of Justice, Washington, D.C., *Jeanne E. Davidson*, Director, *Steven J. Gillingham*, Assistant Director, for defendant. *Michael J. Timinski*, Deputy Assistant General Counsel, *Martie Adelman*, Department of Veterans Affairs Attorney, *Lt. Col. Joseph Fetterman*, Military Personnel Branch, U.S. Army Litigation Division and *Captain Kevin McCart*, Military Personnel Branch, U.S. Army Litigation Division, of counsel.

## OPINION

MARGOLIS, *Senior Judge*.

This matter comes before the Court on defendant's motion to dismiss, filed April 13, 2007, for lack of subject matter jurisdiction. Plaintiff, Borromeo I. Leyva, seeks back pay, disability benefits, correction of military records, compensation for post-traumatic stress disorder and compensation for alleged violations of Due Process rights under both the Fifth and Fourteenth Amendments, the takings clause of the Fifth Amendment, the Federal Tort Claims Act, the Geneva Convention and the Uniform Code of Military Justice. Defendant, the United States, claims this Court lacks jurisdiction over plaintiff's claims. After carefully reviewing the briefs and drawing all reasonable inferences in favor of the plaintiff, this Court has no jurisdiction over plaintiff's claims. Accordingly, defendant's motion to dismiss is **GRANTED**.

# I. FACTS

The plaintiff joined the Philippine irregular forces shortly after the Japanese attack on the Philippine Islands in 1941. In 1943, the plaintiff was appointed to the Reyes Regiment of the Fil-American Regular Troops. Plaintiff's service with the U.S. military began on June 14, 1945, pursuant to the President of the United States' 1941 order calling "specified elements" of the Philippine military into the service of the U.S. military. Plaintiff was also considered an enlisted member of the Philippine military as of June 14, 1945. In August 1945, the plaintiff received basic military police training from U.S. military personnel. The plaintiff served in the U.S. military until June 30, 1946, when General Order #168 terminated the service of all Philippine soldiers serving in the U.S. military. See 38 C.F.R. § 3.41. General Order #168 did not, however, affect plaintiff's status as a member of the Philippine military.

Approximately one year later, in April 1947, plaintiff was shot in the thigh and was treated by U.S. military medical personnel at V Luna General Hospital in the Philippines. Plaintiff was discharged from service in the Philippine Army on September 27, 1949, and was later released from the V Luna General Hospital.

After being discharged in 1949, the plaintiff petitioned the Veterans Administration ("VA") three times to receive military benefits for the 1947 gunshot wound. The VA reviewed plaintiff's claims and supporting evidence and issued three separate decisions in August 1980, October 1996, and most recently in August 2004. Def.'s Mot. to Dismiss, Ex. A at 1; Ex. C at 1-2. Each decision reached the same conclusion–the plaintiff's injury was not sustained while the plaintiff was serving in the U.S. military. Additionally, the plaintiff submitted an application to the Department of the Army, Board for the Correction of Military Records ("Army Board") in 2002 asking the Army Board to amend his military records to reflect that the plaintiff was an active U.S. military enlistee from June 1945 to September 1949. Def.'s Mot. to Dismiss, Ex. D at 1-2. The Army Board, in an two-page letter to the plaintiff, dated September 6, 2002, found that the plaintiff did not serve in the U.S. military beyond June 30, 1946. The Army Board discussed each supporting document the plaintiff submitted,[1] and ultimately concluded that the plaintiff served in the U.S. Army from June 14, 1945 through June 30, 1946, and that the plaintiff served in the Philippine Army from June 14, 1945 through September 27, 1949. Def.'s Mot. to Dismiss, Ex. D at 1-2. The decision of the Army Board directly contradicted the findings of an Administrative Law Judge with the Social Security Administration, Office of Hearings and

---

[1]The plaintiff submitted a certificate from the Military Police Training School recognizing the plaintiff's completion of a basic military police training course; a National Service Life Insurance certificate issued to the plaintiff in November 1946; a clinical record from the V Luna General Hospital; and a Report of Physical Examination of Enlisted Personnel Prior to Discharge, Release from Active Duty or Retirement ostensibly dated November 30, 1948. Def. Mot. To Dismiss, Ex. D at 12-16.

Appeals, who had concluded the plaintiff was enlisted in the U.S. Army from June 1945 through September 1949. The Army Board stated that the administrative law judge's findings were based on a misinterpretation of the military records and that the records, when placed in the proper context, evidenced an overlapping military career in both the U.S. military and the Philippine Army from June 1945 to June 1946. Any service before June 1945 or after June 1946 was not with the U.S. military. Accordingly, the Army Board took no action with respect to amending plaintiff's military records.

## II. DISCUSSION

### A. Jurisdiction

The defendant contends that any claims arising out of the VA's denial of benefits are within the exclusive jurisdiction of the U.S. Court of Appeals for Veterans Claims. The defendant also argues that the plaintiff was not injured while serving as a member of the U.S. military and that any claims associated with plaintiff's injury are precluded by 38 U.S.C. § 107(a).

Under 38 U.S.C. § 107(a), service in the U.S. military pursuant to the President of the United States' order calling the Philippine military into service with the U.S. military does not confer "rights, privileges, or benefits upon any person" serving under the President's order. Defendant further asserts that the statute of limitations bars plaintiff's claims for "veterans disability benefits, back pay, retirement benefits, special compensation and correction of military records." Moreover, the defendant points out that many of the claims asserted by the plaintiff are not within the jurisdiction of the U.S. Court of Federal Claims because the source of the plaintiff's claims are not money mandating statutes conferring any compensation rights.

Any determination of a court's jurisdiction starts by reviewing the complaint. Kawa v. United States., 77 Fed. Cl. 294, 298 (2007) (citing Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997)). When adjudicating a motion to dismiss for lack of jurisdiction under 12(b)(1) of the Rules of the Court of Federal Claims, the Court must construe "all reasonable inferences in plaintiff's favor." Hall v. United States, 74 Fed. Cl. 391, 393 (Fed. Cl. 2006) (quoting Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995)).

The Tucker Act provides that the U.S. Court of Federal Claims has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated damages or unliquidated damages in cases not sounding in tort." 28 U.S.C. 1491(a)(1). To trigger this Court's jurisdiction, the plaintiff must identify a "money mandating" statute–a separate source of substantive law that creates a right for the plaintiff to seek money damages from the United States. United States v. Mitchell, 463 U.S. 206, 216-17 (1983); United States v. Testan, 424 U.S. 392, 398 (1976).

## B. Reviewing Decisions by the Veterans Administration

The plaintiff asks this Court to review and correct the decisions reached by the Board of Veterans' Appeals. However, under 38 U.S.C. §§ 7252(a) and 7292(c), the Court of Federal Claims is not the proper venue to review the VA decisions. Sections 7252(a) and 7292(c) clearly confer jurisdiction over decisions made by the Board of Veterans' Appeals to the U.S. Court of Appeals for Veterans Claims; if appealed, these decisions are then reviewed by the U.S. Court of Appeals for the Federal Circuit. 38 U.S.C. §§ 7252(a), 7292(c). See Van Allen v. United States, 66 Fed. Cl. 294 (2005); Davis v. United States, 36 Fed. Cl. 556 (1996); Sanders v. United States, 34 Fed. Cl. 75 (1995). Thus, this Court does not have jurisdiction to review VA decisions.

## C. Due Process Claims, Geneva Convention, Administrative Procedure Act

The Due Process Clause, of either the Fifth or Fourteenth Amendments, does not create a cause of action for money damages as required by the Tucker Act. Allred v. United States, 33 Fed. Cl. 349, 353 (1995); Wright v. United States, 20 Cl. Ct. 416, 420 (Cl. Ct. 1990); see U.S. Const. amend. V and amend. XIV. Thus, this Court does not have jurisdiction over claims arising from alleged violations of the Due Process Clauses of the Fifth and/or the Fourteenth Amendment. James v. Caldera, 159 F.3d 573, 581 (Fed. Cir. 1998); Collins v. United States, 67 F.3d 284, 288 (Fed. Cir. 1995) ("[D]ue process clause does not obligate the government to pay money damages.").

Moreover, this Court does not have jurisdiction over claims arising under treaties. 28 U.S.C. § 1502. Under 28 U.S.C. § 1502, this Court "shall not have jurisdiction of any claim against the United States growing out of or dependent upon any treaty entered into with foreign nations." Contrary to plaintiff's argument, Hamdan v. Rumsfeld, 126 S. Ct. 2749 (2006), does not provide the plaintiff with any enforceable rights in this court. The Third Geneva Convention is a "treaty," and this Court lacks jurisdiction over any claims arising under the Convention. Hamdan v. Rumsfeld, 126 S. Ct. 2749, 2802 (2006); 28 U.S.C. § 1502.

Finally, plaintiff's claims arising under the Administrative Procedure Act ("APA") are not properly before this Court. For this Court to review an agency's action under the APA, there must be a final decision by an agency "for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Further, the Supreme Court has held that where Congress has statutorily prescribed remedies to an agency's action, the plaintiff must exhaust those remedies first, when mandated by statute. Darby v. Cisneros, 509 U.S. 137, 146 (1993). The plaintiff's remedy is with the U.S. Court of Appeals for Veterans Claims and U.S. Court of Appeals for the Federal Circuit which are vested with exclusive jurisdiction over decisions by the VA. See 38 U.S.C. §§ 7252(a); 7292(c). As such, the plaintiff's claim is not properly before this Court.

## D. Military Benefits

The plaintiff was not injured while serving as a member of the U.S. military. Congress denied members of the "organized military forces of the Government of the Commonwealth of the Philippines" called into service by the 1941 order benefits that accrued to other U.S. military personnel. 38 U.S.C. 107. The limited benefits conferred by statute for plaintiff's 1945-1946 service did not cover the plaintiff's gunshot injury.[2]

## E. Statute of Limitations

The statute of limitations for bringing claims in this Court must be strictly construed. Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1576-77 (Fed. Cir. 1988) ("The 6-year statute of limitations on actions against the United States is a jurisdictional requirement attached by Congress as a condition of the government's waiver of sovereign immunity and, as such, must be strictly construed."). A claim is timely if a plaintiff files a petition within six years of when the claim first accrued. 28 U.S.C. § 2501. If a claim is filed outside the six-year statute of limitations, the claim must be dismissed for lack of subject matter jurisdiction. John R. Sand & Gravel Co. v. United States, 457 F.3d 1345, 1355 (Fed. Cir. 2006), *cert granted in part* 127 S. Ct. 2877 (U.S. May 29, 2007) (No. 06-1164). Moreover, a claim first accrues when "all of the events which fix the government's alleged liability have occurred and the plaintiff was or should have been aware of their existence." Catawba Indian Tribe of S.C. v. United States, 982 F.2d 1564, 1570 (Fed. Cir. 1993) (citing Nager Elec. Co. v. United States, 368 F.2d 847, 851 (Ct. Cl. 1966)); Hopland Band of Pomo Indians, 855 F.2d at 1577.

When dealing with alleged wrongful discharge from the military, back pay, retirement pay, and corrections of military records, the statute of limitations begins to accrue as of the time of discharge. Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003); see also Bowen v. United States, 292 F.3d 1383, 1386 (Fed. Cir. 2002); Real v. United States, 906 F.2d 1557, 1560 (Fed. Cir. 1990). Furthermore, a plaintiff's claim for benefits associated with the challenged discharge "accrue[ ] all at once upon the plaintiff's removal" from the military. Mathis v. United States, 391 F.2d 938, 939 (Ct. Cl. 1968). This is the case regardless of any subsequent appeal of a denial of benefits. Martinez, 333 F.3d at 1311-13.

The plaintiff was discharged from the U.S. military on June 30, 1946. Any claims against the

---

[2] Under 38 U.S.C. § 107(a), the plaintiff was entitled to benefits stemming from contracts of National Service Life Insurance entered into before February 18, 1946; chapter 10 of title 37; and benefits under title 38, chapters 11, 13 (except § 1312(a)), 23 and 24 (to the extent provided for in § 2402(8)). 38 U.S.C. § 107(a).

United States accrued on June 30, 1946. Alternatively, assuming the conclusions reached by the Administrative Law Judge were correct and the plaintiff was discharged in 1949, not 1946, the plaintiff's claims accrued on September 27, 1949. Under either scenario though, the statute of limitations barred the plaintiff's claims. Therefore, since the statute of limitations barred these claims over fifty years ago, this Court may not entertain any of the plaintiff's claims.

## F. Miscellaneous Claims

The plaintiff asserts that this Court has jurisdiction to hear claims under the Back Pay Act, 5 U.S.C. § 5596, the Military Disability Retirement provisions, 10 U.S.C. §§ 1201-1221, and the Veterans Administration Disability provisions, 38 U.S.C. §§ 1101 et seq. Congress was very clear that members of the Philippine Army would not receive the same benefits afforded members of the U.S. military. See 38 U.S.C. 107. Under these facts, the plaintiff has proffered no claim under a money mandating statute for this court to review with regard to his Philippine Army service.

## Conclusion

Defendant's Motion to Dismiss is **GRANTED**. The Clerk will enter judgment for the defendant and dismiss this case. Each party shall pay their own costs.

s/Lawrence S. Margolis
LAWRENCE S. MARGOLIS
Senior Judge, U.S. Court of Federal Claims

November 28, 2007